## CAMPBELL v GUMINA et

Ohio Appeals, 7th Dist, Mahoning County

Decided March 15, 1929

C. C. McGowan, Youngstown, for Campbell.

McKain & Ohl, Youngstown, for Gumina, et.

FARR, J.

A motion was filed in the court below by plaintiff in error to require the return of the June installment of taxes upon the theory that they had been improperly paid. Section 2583 GC provides the manner in which taxes shall be levied against real estate in the state of Ohio.

A further provision of 2583 GC is:

(Here follows quotation)

The right to the payment of taxes in this proceeding as provided by 5693 GC, is as follows:

(Here follows quotation)

The question here arises as to the construction of this statute and when the taxes in question attach. As will be recalled from the section just read, the county auditor had already performed his duty. He had made up the tax duplicate and passed it to the county treasurer. It is provided that taxes for a current year shall be paid the first half in December of that year, and the second half in June of the succeeding year. When the county treasurer received the tax duplicate on October 1st, 1927, the taxes for the year 1927 had been levied against this real estate and were then due. It is true taxes are, by the system applicable in Ohio, paid on or before the 20th day of December, and on or before the 20th day of the following June, and such seems to be the reasonable construction of these statutes.

In the case of Hoglen v Cohan, 30 U. S., 436, it is held in the first proposition of the syllabus as follows:

(Here follows quotation)

The holding in the above case leaves no question as to the payment of the taxes in the case at bar. Following the first day of October the taxes for the whole year were due and became a lien upon this property.

The same principle is announced in **Makley v Whitmore, 61 OS, 587,** in the second proposition of the syllabus, as follows:

(Here follows quotation)

And which is now Section 5692 of the General Code. True, this relates to installments, but there is no difference to be made as between taxes legally entered and installments which are assessed as taxes against real estate.

In the instant case plaintiff in error perhaps misapprehended his remedy. He made a motion to require that the $32.10 be returned which had wrongfully been deducted, as he claims, from the proceeds of the sale. Another remedy was his, but it matters not so far as the merits of this controversy are concerned; the issue is being determined in the light of the statutes and cases cited. It follows that the judgment of the court below should be affirmed and it is so ordered.

Pollock and Roberts, JJ, concur.